## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| WILLIAM H. MCCREADY and RACHEL SUE MCCREADY, Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> MAIN STREET TRUST, INC., an Illinois Banking Corporation, as Successor in Interest to Bank Illinois, an Illinois Banking Corporation, as Trustee under Trust Number 960; ROBERT L. THORSTENSON, JOHN W. HEALEY, and WILLIAM E. COFEL, doing business as COHETH PROPERTIES; ROSENBOOM REALTY, INC.; and LARRY EUGENE HALL, <br><br> Defendants. | Case No. 07-2096 |

## OPINION

On October 23, 2007, Plaintiffs William and Rachel Sue McCready, proceeding pro se, filed their First Amended Complaint (#19) alleging claims against Defendants premised on the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4851 *et seq.*, and the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* Plaintiffs further bring a claim for rescission premised on Illinois law to void a real estate purchase contract. This matter is before the court on Plaintiffs' Motion for Summary Judgment (#38) and Defendants' Amended Motion for Summary Judgment (#44)[1]. For the

---

[1] Defendants' initial Motion for Summary Judgment (#33) was stricken by this court on March 31, 2008.

reasons that follow, Defendants' Amended Motion for Summary Judgment is GRANTED in part and DENIED in part, and Plaintiffs' Motion for Summary Judgment is DENIED.

FACTS

The real estate which forms the basis of the instant litigation is located in the Village of Loda in Iroquois County, Illinois (Property). The Property contains a two-story building which was constructed in the late 1800's. Defendants Robert L. Thortenson, John W. Healey, and William E. Cofel, who did business as Coheth Properties, owned the Property until December 1991 when they conveyed title of the Property to BankIllinois as trustee under the provisions of a trust. The Property had been used by Coheth Properties as office space. The Property was eventually put up for sale and was listed by Defendant Rosenboom Realty.

Plaintiffs William and Rachel Sue McCready submitted an offer to purchase the Property on April 29, 2002. Plaintiffs sought to purchase the property for their son, Kenneth McCready.[2] Plaintiffs indicated that Kenneth sought to use the Property for both his residence and business. Defendant Larry Eugene Hall, a real estate agent working for Rosenboom Realty, served as agent for Defendant Main Street Trust[3] in the sale of the Property. A Confirmation of Consent to Dual Agency form was signed by Plaintiffs on April 29, 2002, in which Plaintiffs agreed to have Larry Hall act as their agent along with the sellers. Defendant Thortenson signed the Real Estate Purchase contract submitted by Plaintiffs on May 1, 2002. Plaintiffs received a warranty deed to the Property as well as a title insurance policy. The deed was recorded on May 16, 2002. Kenneth McCready indicates in an

---

[2] The court notes that the Seventh Circuit has found Kenneth McCready to have "abused the judicial process with frivolous litigation" and was subsequently barred from filing, with appropriate exceptions, any paper in all federal courts in this circuit for two years. See McCready v. Ebay, Inc., 453 F.3d 882, 892-93 (7th Cir. 2006).

[3] At the time of the sale, Main Street Trust acted as trustee of the trust which held legal title to the Property.

affidavit attached to Plaintiffs' Motion for Summary Judgment that he has lived in the Property since May 15, 2002.

Plaintiffs subsequently filed a complaint in the Iroquois County Circuit Court alleging fraudulent misrepresentation against Defendants Thortenson, Healey, Cofel, and Main Street Trust, violations of the Illinois Residential Real Property Disclosure Act against the same defendants, violations of the Consumer Fraud and Deceptive Business Practices Act against these defendants along with Defendants Rosenboom Realty and Hall, and a violation of the Illinois Real Estate License Act against Defendants Rosenboom Realty and Hall. The underlying basis for Plaintiffs' claims was that windows in the Property leaked and the basement was prone to flooding but Plaintiffs were not informed of these defects prior to the sale. On May 3, 2006, the Iroquois County Circuit Court entered an Opinion and Judgment Order granting summary judgment on all counts. In granting summary judgment on the Illinois Residential Real Property Disclosure Act, the court found that the Property did not fit the definition of "residential" under the Act.

Plaintiffs instituted the instant action on May 15, 2007. In addition to bringing a claim for rescission pursuant to Illinois state law, Plaintiffs allege a violation of the Residential Lead-Based Paint Hazard Reduction Act and the Toxic Substances Control Act due to Defendants' failure to provide a lead-based paint disclosure at any time prior to or following the sale of the Property. Plaintiffs have attached to their Motion for Summary Judgment a letter William McCready wrote to the Secretary of the U.S. Department of Housing and Urban Development (HUD) and the Administrator of the Environmental Protection Agency (EPA) on August 8, 2006. In the letter, William McCready stated that Defendants did not advise Plaintiffs of their rights pursuant to the Residential Lead-Based Paint Hazard Reduction Act or the Toxic Substances Control Act. Plaintiffs asked the recipients of the letter to investigate the allegations. There is no indication in the record that any action was taken by either

HUD or the EPA.

Defendants Tortenson, Cofel, and Healey have attached affidavits to Defendants' Amended Motion for Summary Judgment indicating that they have no knowledge of lead based paint in the Property. In their Response to Defendants' Amended Motion for Summary Judgment, Plaintiffs admit that Plaintiffs have not had an inspection done for lead based paint and have no knowledge that lead based paint exists on the Property.

## ANALYSIS

In the instant case, Plaintiffs seek as relief in Count I of their First Amended Complaint an order against Defendants Rosenboom Realty, Inc. and Larry Hall "preliminarily, permanently, and affirmatively enjoining them to provide all disclosures they are required to provide by law but failed to provide before Plaintiffs purchased (or attempted to purchase) the subject property." Plaintiffs further seek "a declaratory judgment that the subject property constitutes target housing and residential real property as defined in the Residential Lead-Based Paint Hazard Reduction Act [RLPHRA] and the Toxic Substances Control Act [TSCA]." Plaintiffs further seek "judgment in their favor for their damages, in amount suitable to compensate them for any costs they incur in the abatement of any lead-based paint hazards that exist of which the Defendants were aware before Plaintiffs became obligated under the purchase/sale agreement, or which could have been discovered upon a reasonable investigation at the same time, had disclosure been properly made." Finally, Plaintiffs seek an award of costs and attorney fees.

As concerns the Plaintiffs' claim under the TSCA, private plaintiffs are authorized to receive only injunctive relief under this statute. See Sipes v. Russell, 89 F. Supp. 2d 1199, 1204-05 (D. Kan. 2000). While the TSCA provides an avenue to impose fines and penalties on violators of the statute, only the United States is permitted to seek these penalties. See 15 U.S.C. § 2615. Accordingly, the

statute "does not allow private citizens to enforce the penalty provisions as a method for recovering compensatory damages." Sipes, 89 F. Supp. 2d at 1205. With regard to injunctive relief, the statute provides that "any person may commence a civil action against any person . . . who is alleged to be in violation of this chapter . . . to restrain such violation." 15 U.S.C. § 2619(a)(1). The words "to restrain" in the statute have been read to mean that "a citizen may seek suit to restrain something that is ongoing or continuous, and that may continue in the future." Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 250 F. Supp. 2d 48, 60 (N. D. N. Y. 2003). The statute does not allow for injunctive relief to "remedy the alleged violations of the statute" or to "set right or rectify (an error)." Arbor Hill, 250 F. Supp. 2d at 60. In the instant case, Plaintiffs seek injunctive relief to rectify a past error, Defendants' alleged failure to provide a lead-based paint disclosure at any time prior to or following the sale of the Property. Accordingly, because Plaintiffs do not seek "to restrain" Defendants' conduct under the TSCA, Plaintiffs are not entitled to relief under that statute.

Plaintiffs further seek damages pursuant to the RLPHRA. Private citizens may recover compensatory damages under the RLPHRA. Sipes, 89 F. Supp. 2d at 1202. The RLPHRA provides that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3).[4] However, Plaintiffs' own admissions confirm there are no damages available for Plaintiffs to recover. Plaintiffs state that "it is true that Plaintiffs have uncovered no lead paint (they haven't had an inspection done)." Furthermore, this court has the uncontested affidavits of Defendants Thortenson, Cofel, and Healey indicating that they have no knowledge of lead-based paint in the Property. Thus, Plaintiffs have failed to allege any possible compensatory

---

[4] The RLPHRA also allows private individuals to obtain court costs, reasonable attorney fees and expert witness fees if they are a prevailing party. See 42 U.S.C. § 4852d(b)(4).

damages which they could recover under the RLPHRA, the only relief available under that statute to private citizens.[5] While civil monetary penalties and injunctive relief are available under the RLPHRA, they may only be sought by the Secretary of the Department of Housing and Urban Development. See 42 U.S.C. § 4852d(b)(1) & (2). While Plaintiffs attached to their Motion for Summary Judgment a letter William McCready wrote to the Secretary of the U.S. Department of Housing and Urban Development (HUD) and the Administrator of the Environmental Protection Agency (EPA) on August 8, 2006, asking them to investigate Plaintiffs' allegations, there is no indication in the record that any action was taken by either HUD or the EPA. Accordingly, Plaintiffs have failed to establish they are entitled to any relief under the RLPHRA.

As concerns Plaintiffs' claim based upon Illinois common law to void the real estate purchase contract, 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. The Seventh Circuit has stated that "the general rule is that when all federal clams are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Kennedy v. Schoenberg, Fisher, & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998), cert. denied, 525 U.S. 870 (1998), quoting Wright v. Associated Ins. Co. Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." Kennedy, 140 F.3d at 728. There is nothing in the record which indicates that the considerations of judicial economy, convenience, fairness or comity require this court to hear Plaintiffs' state claim against Defendants. Therefore, this court declines to exercise supplemental jurisdiction over the state

---

[5] While the RLPHRA would authorize an award of costs should Plaintiff "prevail" in this litigation, because this court finds it is unable to award Plaintiffs any relief this court cannot find Plaintiffs to be prevailing parties.

law claim to void the real estate purchase contract. Pursuant to 28 U.S.C. § 1367(d), Plaintiffs may re-file the state law claim in the state court within 30 days of entry of this order.

IT IS THEREFORE ORDERED:

(1) Defendants' Amended Motion for Summary Judgment (#44) is GRANTED in part and DENIED in part. Summary judgment is granted as to Count I of Plaintiffs' complaint and this court declines to exercise supplemental jurisdiction over Count II of Plaintiffs' complaint.

(2) Plaintiffs' Motion for Summary Judgment (#38) is DENIED.

(3) Pursuant to 28 U.S.C. § 1367(d), Plaintiffs may re-file the state law claim in the state court within 30 days of entry of this order.

(4) The final pretrial conference scheduled for August 1, 2008, at 2:30 p.m. and the jury trial scheduled to begin August 11, 2008, are VACATED.

(5) This case is terminated.

ENTERED this 20th day of June, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE