E-FILED
Tuesday, 05 August, 2008  10:38:05 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| WILLIAM H. MCCREADY and RACHEL SUE MCCREADY, Trustees, ) ) ) Plaintiffs, ) v. ) ) MAIN STREET TRUST, INC., an Illinois ) Banking Corporation, as Successor in ) Interest to Bank Illinois, an Illinois Banking ) Corporation, as Trustee under Trust ) Number 960; ROBERT L. THORTENSON, ) JOHN W. HEALEY, and WILLIAM E. ) COFFEL, doing business as COHETH ) PROPERTIES; ROSENBOOM REALTY, ) INC.; and LARRY EUGENE HALL, ) ) Defendants. ) | Case No. 07-CV-2096 |

## OPINION

On October 23, 2007, Plaintiffs William and Rachel Sue McCready, proceeding pro se, filed their First Amended Complaint (#19) alleging claims against Defendants premised on the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4851 *et seq.*, and the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* Plaintiffs further brought a claim premised on Illinois law to declare a real estate purchase contract null and void, and asking for restitution. Both Plaintiffs and Defendants made motions for summary judgment (#38, #44). In an Opinion dated June 20, 2008 (#54), this court granted Defendants' Motion in part, denied it in part, and denied Plaintiffs' Motion. On July 3, 2008, Plaintiffs filed a Rule 59 Motion to Alter or Amend Judgment and Vacate Dismissal. This court, after careful consideration of Plaintiffs' arguments, finds that they

-1-

lack  merit and declines to alter or amend the prior decision for the reasons that follow.

BACKGROUND

The instant dispute arose over a contract for sale of a piece of real estate located in the Village of Loda in Iroquois County, Illinois (Property). On the Property is situated a two-story building constructed in the late 1800s. Defendants Robert L. Thortenson, John W. Healey, and William E. Cofel, who did business as Coheth Properties, owned the Property until December 1991 when they conveyed title of the Property to BankIllinois as trustee under the provisions of a trust. The Property had been used by Coheth Properties as office space. The Property was eventually put up for sale and was listed by Defendant Rosenboom Realty.

Plaintiffs William and Rachel Sue McCready entered into a contract to buy the Property for their son, Kenneth McCready, who planned to, and did, use it as both office space and living quarters. Defendant Larry Eugene Hall, a real estate agent working for Rosenboom Realty, served as agent for Defendant Main Street Trust[1] in the sale of the Property. Plaintiffs received a warranty deed to the Property as well as a title insurance policy. The deed was recorded on May 16, 2002.

Plaintiffs instituted the instant action on May 15, 2007, alleging a violation of the Residential Lead-Based Paint Hazard Reduction Act (RLPHRA) and the Toxic Substances Control Act (TSCA) due to Defendants' failure to provide a lead-based paint disclosure at any time prior to or following the sale of the property. Defendants admit to not having provided a lead-based paint disclosure, but reason that because the Property was listed as commercial real estate, they were not bound by the RLPHRA or the TSCA to do so.

---

[1] At the time of the sale, Main Street Trust acted as trustee of the trust which held legal title to the property.

As relief for their claim, Plaintiffs sought an order against Defendants Rosenboom Realty, Inc. and Larry Hall "preliminarily, permanently, and affirmatively enjoining them to provide all disclosures they are required to provide by law but failed to provide before Plaintiffs purchased (or attempted to purchase) the subject property." Plaintiffs further sought a declaratory judgment that the Property constitutes "target housing" and "residential real property" under the RLPHRA and the TSCA, damages to compensate them for any costs they incur in the abatement of any lead-based paint hazards that exist of which the Defendants were aware[2] before Plaintiffs became obligated under the purchase/sale agreement, or which could have been discovered upon a reasonable investigation at the same time (or, at least, nominal damages for Defendants' "willful noncompliance with the Acts and Regulations"), and an award of costs and attorney fees. Plaintiffs further alleged that, under Illinois law, the contract for sale was void, and requested restitution.

In the June 20, 2008 Opinion, this court found that the relief sought by Plaintiffs pursuant to Count I was inappropriate. This court found that Plaintiffs were not attempting to "restrain" Defendants' conduct, but rather to rectify a past error, and therefore concluded that injunctive relief was unavailable. This court further found that there were no damages available for Plaintiffs to recover under the RLPHRA, as they had not incurred any expense in an effort to remedy conditions of lead-based paint in the house. As such, Plaintiffs could not be considered a "prevailing party" and were therefore not entitled to costs associated with the litigation. With respect to Count II, this court declined to exercise supplemental jurisdiction after dismissing Count I.

## ANALYSIS

---

[2] Defendants assert that they have no knowledge of any lead-based paint on the Property. This assertion is uncontested by Plaintiffs.

Plaintiffs first "object to having to assert [their jurisdictional arguments] in a Rule 59 motion" and to this court's *sua sponte* ruling based on jurisdiction. It is, however, the court's duty to police subject matter jurisdiction, whether raised by either party or not.  See Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908).

In their Rule 59 Motion, Plaintiffs assert that this court "overlooked" its original jurisdiction over Count I, arguing that this court has jurisdiction to award nominal damages, declaratory relief, and injunctive relief in the context of Count I.

As this court noted in its previous opinion, the TSCA authorizes private plaintiffs to receive injunctive relief. See Sipes v. Russell, 89 F. Supp. 2d 1199, 1204-05 (D. Kan. 2000). This relief, however, is offered solely "to restrain something that is ongoing or continuous, and that may continue in the future," and cannot be used to "remedy alleged violations of the statute" or rectify an error. Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 250 F. Supp. 2d 48, 60 (N.D. N.Y. 2003). Plaintiffs argue, however, that injunctive relief is appropriate in the instant case "because Defendants are still in violation of those Acts - that is, their violations are ongoing because they have not yet disclosed all of the things required by law, and Plaintiffs have not yet become obligated under any contract to purchase." This argument is unconvincing.

First, the fact of non-disclosure itself does not affect the validity of a contract for sale. The RLPHRA explicitly states that none of its stipulations "shall affect the validity or enforceability of any sale or contract for the purchase and sale or lease of any interest in residential real property." 42 U.S.C. § 4852d(c). Therefore, the contract cannot be void under federal law for the failure to make the necessary disclosures.

In Claim II of their First Amended Complaint, Plaintiffs argue that the contract is void under

Illinois state law. This, ultimately, has no bearing on whether an injunction constitutes appropriate relief under the TSCA. If the contract is, in fact, void under Illinois common law, the requirements of the RLPHRA and the TSCA are not in play even assuming, <u>arguendo</u>, that the property in question qualifies as residential property. The disclosures are only required "before the purchaser . . . is obligated under any contract to purchase . . . the housing." 42 U.S.C. § 4852d(a)(1). Plaintiffs have clearly stated that they "no longer have any desire to enter into any contract" to buy the Property until the offer is comprehensively rewritten. It is clear by Plaintiffs' own assertions that the parties are not in negotiations regarding the sale of the Property and therefore, there is no current requirement that Defendants disclose anything. In the alternative, assuming that the contract is valid, this court stands by its prior reasoning that, because Plaintiffs do not seek "to restrain" Defendants' conduct and are instead attempting to remedy an alleged violation thereof, Plaintiffs are not entitled to injunctive relief under the TSCA. Therefore, this court concludes that Plaintiffs cannot seek injunctive relief compelling Defendants to make the disclosures required by the RLPHRA or the TSCA, regardless of the validity of the contract for sale.

Plaintiffs next argue that this court overlooked their demand for nominal damages and declaratory relief for Defendants' alleged violations of the RLPHRA and TSCA. A private plaintiff may recover compensatory damages under the RLPHRA. <u>Sipes</u>, 89 F. Supp. 2d at 1202. The statute provides that "[a]ny person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3). Plaintiffs, however, admit that they have not had an inspection done and have not uncovered any lead paint. As this court has previously noted, Plaintiffs are therefore ineligible to recover compensatory damages.

Plaintiffs assert that this court has failed to consider their request for nominal damages. However, they provide no support for their assertion that nominal damages are even available as relief under the RLPHRA. Given the language of the statue, focusing on the costs <u>incurred</u> by a plaintiff, this court has no reason to believe that the statute even contemplates the awarding of nominal damages when no costs have been incurred by Plaintiffs as a result of the alleged violation of the statute. Thus, this court concludes that nominal damages are not available to Plaintiffs as a remedy.

Plaintiffs finally seek declaratory relief under 28 U.S.C. § 2201. Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." <u>CIBER, Inc. v. CIBER Consulting, Inc.</u>, 326 F. Supp. 2d 886, 888 (N.D. Ill. 2004), <u>citing</u> <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227 (1937). "The Declaratory Judgment Act empowers federal courts to give declaratory judgment in 'a case of actual controversy within its jurisdiction' . . . but is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute." <u>Rueth v. United States E.P.A.</u>, 13 F.3d 227, 231 (7th Cir. 1993), <u>quoting</u> 28 U.S.C. § 2201. Because the other relief sought by Plaintiffs is improper under the RLPHRA and the TSCA, there is no "case of actual controversy" and these statutes cannot serve as the basis for jurisdiction. 28 U.S.C. § 2201 is therefore inapplicable, and this court accordingly finds that the original grant of summary judgment in favor of Defendants on Count I remains appropriate.

With respect to Count II, Plaintiffs claim that this court has erred in dismissing the claim as matter of discretion under supplemental jurisdiction. Plaintiffs call the court's attention to their claim that Count II falls independently under 28 U.S.C. § 1332, which awards this court original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

$75,000, <u>exclusive of interest and costs</u>, and is between . . . citizens of different states." § 1332(a)(1) (emphasis added). While it is undisputed that Plaintiffs are Michigan citizens and Defendants are all Illinois citizens, Plaintiffs have failed to request relief that meets the $75,000 threshold.

In their First Amended Complaint, Plaintiffs requested that the Defendants be required to "reimburse or make restitution to them, in the amount of the purchase price and costs incurred in the sale, together with interest at the Illinois legal rate (9%) from the date of the purported contract to the date of restitution, and the costs they have incurred to remedy the property's defects." Viewing the evidence in the light most favorable to the Plaintiffs, this court cannot find that the sum of this relief, "exclusive of interests and costs," exceeds $75,000. Plaintiffs allege that they paid a $45,000 purchase price, $3,102.74 in costs associated with the sale, and "in excess of $8500.00 in repairs and improvements." The total claimed to have been spent by Plaintiffs is thus $56,602.74, well below the threshold amount needed to establish diversity jurisdiction.

Though the addition of 9% interest compounded over the 5 years since the sale would put the total over $75,000, "the interest has not, by the mere frame of [Plaintiffs'] petition, been transmuted into principal. The utmost that can be said of the petition is that it seeks to recover compound interest, but, in the opinion of the court, it is nevertheless interest, and nothing more, within the meaning of the judiciary act." <u>Gilson v. Mut. Reserve Fund Life Assoc.</u>, 129 F. 1003, 1004 (C.C.W.D. Ky. 1904). This interpretation of § 1332 persists: in <u>Principal Mutual Life Insurance Company v. Juntunen</u>, the Seventh Circuit reiterated that "'[i]nterest' for purposes of § 1332(a) is a sum that becomes due because of delay in payment," and found that though the complaint alleged an amount in excess of the statutory minimum, once interest was excluded, the amount in controversy was insufficient to establish diversity jurisdiction. <u>Principal Mut. Life Ins.</u>

-7-

<u>Co. v. Juntunen</u>, 838 F.2d 942, 943 (7th Cir. 1988). This is precisely the situation here as Plaintiffs are requesting interest on the money paid pursuant to an allegedly void contract.

Accordingly, this court finds that diversity jurisdiction over Count II has not been established and declines, for the reasons stated in this court's previous Opinion, to exercise supplemental jurisdiction over the claim.

IT IS THEREFORE ORDERED:

(1) Plaintiffs' Motion to Alter or Amend Judgment pursuant to Rule 59(e) (#56) is DENIED.

ENTERED this 5th day of August, 2008.

<u>s/ Michael P. McCuskey</u>
MICHAEL P. McCUSKEY
CHIEF JUDGE